UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case Number 07-20625-BC
v.                                         Honorable Thomas L. Ludington

D-16 MICHAEL BAILEY,

        Defendant.
_____ /

### ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND CANCELING HEARING

On August 20, 2008, a first superseding indictment [Dkt. # 104] was filed against Defendant Michael Bailey and eighteen co-defendants. The indictment charges each defendant with a conspiracy to possess with intent to distribute and to distribute ecstasy in violation of 21 U.S.C. §§ 846 and 841(a)(1). Now before the Court is Defendant Bailey's motion to suppress evidence and request for evidentiary hearing [Dkt. # 240]. For the reasons stated below, Defendant's motion to suppress will be granted; an evidentiary hearing is not necessary to grant the relief that Defendant seeks.

Defendant contends that alleged ecstasy pills seized by the police from the locked glove compartment of his vehicle subsequent to a traffic stop and his arrest on December 22, 2006, should be suppressed pursuant to *Arizona v. Gant*, - - - U.S. - - - -, 129 S. Ct. 1710 (2009). In *Gant*, the Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 129 S. Ct. at 1723. In

this case, Defendant alleges that he was falsely arrested for operating a vehicle without a valid driver's license on his person. He alleges that when the officers conducted a search of his vehicle, he had already been placed under arrest and was seated in an officer's patrol vehicle.

On June 10, 2009, the government filed a response [Dkt. # 263]. The government concedes that the search of Defendant's vehicle in this case does not meet the standard set forth in *Gant*. For that reason, the government concurs with Defendant's motion to suppress the ecstasy pills recovered from the glove compartment of Defendant's vehicle on December 22, 2006. Based on the government's concurrence in the motion, an evidentiary hearing is not necessary and the hearing scheduled for July 20, 2009, will be canceled. *See* E.D. Mich. LR 7.1(e)(2).

Accordingly, it is **ORDERED** that Defendant's motion to suppress evidence [Dkt. # 240] is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for July 20, 2009, is **CANCELED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 16, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 16, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS